UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL G. CHASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-40020-FDS |
| ) | |
| JOHN GIST and REGENTS OF ) | |
| WESTERN NEW MEXICO UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

This action under 42 U.S.C. § 1983 arises from plaintiff's participation in an internet-based education program operated by Western New Mexico University. While living in Massachusetts, plaintiff Daniel G. Chase enrolled in a writing course offered by the University through its online "distance-learning" program and taught by defendant John Gist. While in the class, Chase filed a grievance with the University alleging that Gist's conduct infringed his First Amendment right to free expression (the nature of the alleged violation is not clear). Gist then dropped Chase from the course.

Chase filed this action in February 2012. Gist and the University have moved to dismiss the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons stated below, the motion will be granted.

**I.      Background**

The following facts are alleged in the complaint unless otherwise noted.

Defendant the Regents of Western New Mexico University is the governing body of a institution of higher education by the same name, formed pursuant to N. M. Stat. Ann. § 21-3-4. (Compl. ¶ 3). The University operates a website from which it offers online courses and degree programs. (*Id.*). The University advertises on its website that students "anywhere in the world" can access its online curriculum and earn certain degrees online. (*Id.*). Defendant John Gist, an Assistant Professor at the University, teaches some of those online courses. (*Id.*).

Plaintiff Daniel G. Chase, a resident of Massachusetts, is a "distance-learning" student at the University. (*Id.* ¶¶ 1, 12). At the time of the events at issue in this action, Chase was enrolled in an online course titled "WRTG 505 - Writing Philosophical Reflection." (*Id.* ¶¶ 13). The course was taught by Gist. (*Id.*).

According to the University, it directs no commercial advertising in the form of telephone solicitation or mailings toward residents of Massachusetts. (Def. Mem. at 1). The university also asserts that Chase was the only Massachusetts resident enrolled in its distance-learning program during the period at issue in this case. (*Id.* at 2).

The University maintains a publicly available policy manual. (Compl. ¶ 14). It provides that the University will institute procedures for students who have grievances against other students, faculty members, or other employees of the University. (*Id.*). While enrolled in WRTG 505, Chase filed a grievance against Gist asserting that the professor violated his First Amendment freedom of expression. (*Id.* ¶ 15).[1] Gist thereafter dropped Chase from the course,

---

[1] The complaint does not state what the professor is alleged to have done or how that alleged conduct abridged Chase's constitutional rights. However, it does suggest that the protected speech at issue involved Chase's discussions with fellow students and faculty "regarding his professor." (Compl. ¶ 37).

2

allegedly without following the University's published procedures for disciplinary measures. (*Id.* ¶ 16). The complaint alleges that Gist took this action in retaliation for Chase's grievance. (*Id.*). University policy states three grounds on which an enrolled student may be dropped from a course; none allegedly applied to Chase. (*Id.* ¶ 17). The University administration did not provide Chase with a hearing concerning either his grievance or the decision to drop him from the course. (*Id.* ¶ 21).

Chase filed this action on February 15, 2012. The complaint contains six counts. In substance, they allege (1) violations of the Due Process and Equal Protection Clauses of the Fourteen Amendment, (2) violations of freedom of speech protected by the First Amendment, and (3) tortious interference with a contract or advantageous business relationship under state law. Chase requests monetary damages and injunctive relief reinstating him in the writing course from which he was dropped.

## II. Analysis

### A. General Principles

The exercise of personal jurisdiction over a defendant must be both authorized by statute and consistent with the due process requirements of the United States Constitution. *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996); *Intech, Inc., v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005); *Good Hope Indus., Inc. v. Ryder Scott, Co.*, 378 Mass. 1, 5-6 (1979).[2] Furthermore,

---

[2] Except in cases of joinder, the jurisdiction of a district court over a domestic defendant is limited to when that defendant is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located" or when jurisdiction is otherwise authorized by a federal statute. Fed. R. Civ. P. 4(k)(1). Because 42 U.S.C. § 1983 lacks a provision related to personal jurisdiction, claims arising under that law require personal jurisdiction to be established in accordance with state jurisdictional statutes. *See Hannon v. Beard*, 524 F.3d 275, 282 (1st Cir. 2008) ("[S]ection 1983 claims have been analogized to tort claims for personal jurisdiction

> A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (citations and quotations omitted).

The plaintiff bears the burden of showing that a court has personal jurisdiction over the defendant. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). A district court faced with a motion to dismiss under Rule 12(b)(2) may choose among several methods for determining whether the plaintiff has met its burden: the "*prima facie*" standard, the "preponderance-of-the-evidence" standard, or the "likelihood" standard. *Id.* at 50-51, 51 n.5; *Foster-Miller, Inc., v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-47 (1st Cir. 1995); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675-78 (1st Cir. 1992).

Where, as here, a district court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the *prima facie* standard governs its determination. *Swiss American*, 274 F.3d at 618. This standard is the "most conventional" of the methods for determining personal jurisdiction. *Daynard*, 290 F.3d at 51 (quoting *Foster-Miller*, 46 F.3d at 145). In conducting a *prima facie* analysis, courts are required to take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and "construe them in the light most congenial to the plaintiff's claim." *Massachusetts Sch. of Law at Andover, Inc., v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). It then "add[s] to the mix facts put

---

analysis.").

forward by the defendant[], to the extent that they are uncontradicted." *Daynard*, 290 F.3d at 51. Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating each jurisdictional requirement. *See Swiss American*, 274 F.3d at 618.

B. **Massachusetts Long-Arm Statute**

The Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, states in relevant part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
>
> (a)   transacting any business in this commonwealth;
>
> . . .
>
> (d )   causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . . .

Mass. Gen. Laws ch. 223A, § 3.[3]

The decision of at least one court that has addressed personal jurisdiction in the context of internet-based activities suggests that enrollment of a single student in an online program does not bring an out-of-state university within the jurisdiction provided by the statute. In *Roberts v.*

---

[3] The Supreme Judicial Court has interpreted the Massachusetts long-arm statute "as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States." *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.*, 361 Mass. 441, 443 (1972); *accord Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771 (1994). Some federal courts have therefore chosen to "sidestep the statutory inquiry and proceed directly to the constitutional analysis." *Daynard*, 290 F.3d at 52; *see also Sawtelle*, 70 F.3d at 1388 ("[W]hen a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the . . . constitutional standards."); *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 135 (1st Cir. 2006). Massachusetts' own courts, however, have generally conducted the statutory analysis before reaching the constitutional question. *See, e.g.*, *Roberts v. Legendary Marine Sales*, 447 Mass. 860, 863 (2006); *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994); *Good Hope Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6 (1979).

5

*Legendary Marine Sales*, 447 Mass. 860, 863 (2006), the Supreme Judicial Court held that neither subsection (a) nor subsection (d) of the long-arm statute extends jurisdiction over an out-of-state defendant who has engaged in a single transaction via the internet with a Massachusetts resident. As to subsection (a), the court held that the sale of a single boat by a dealership to a buyer in Massachusetts did not amount to "transacting any business in this Commonwealth" because the deal "was an isolated [transaction] lacking a justifiable ground on which to assert jurisdiction." *Id.* In reaching this conclusion, the court relied on its prior decision in *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122 (2005). In that case, it had held that a transaction across state borders did not fall within the statute because it "had only a 'slight effect on the commerce of the Commonwealth' and was 'void of any purposeful intent on the part of the defendant to avail itself of the privilege of conducting activities within the forum State.'" *Id.* at 126 (quoting *Droukas v. Divers Training Acad., Inc.*, 375 Mass. 149, 154 (1978)).

These principles also preclude application of subsection (a) in this case. The University neither advertises in Massachusetts nor targets Massachusetts residents as prospective students. Other than plaintiff, few, if any, Massachusetts residents have enrolled in the school's online program. Because the University has no evident intent to conduct business in Massachusetts, and because enrollment in its program would have little effect on commerce in the commonwealth, this Court may not assert jurisdiction over defendants under subsection (a) of the long-arm statute.

As to subsection (d), the court in *Legendary Marine* held that the single boat sale was not sufficient to establish that a defendant engaged in a "persistent course of conduct" of doing business in the Commonwealth or that it derived "substantial revenue" in the state. The court

6

began its analysis by noting that the website in that case did not do "anything beyond providing information," a proposition that itself is not the case with respect to the internet-based education program at issue here. However, it continued:

> The plaintiffs also have not shown that the defendant purposefully attempted to conduct business or solicit business in Massachusetts either by means of the Web site or otherwise. Similarly, because the boat sale was the only transaction the defendant ever entered into with a Massachusetts resident, the record lacks any "persistent course of conduct" on the defendant's part in Massachusetts. The defendant may have earned an unspecified profit on the sale of the boat to the plaintiffs, but the sale was one of approximately twenty-five made in one month, and the plaintiffs have not demonstrated that the defendant "derives substantial revenue" from transactions in Massachusetts.

*Legendary Marine Sales*, 447 Mass. at 865.

This analysis suggests that even a website that facilitates an interstate transaction with a Massachusetts resident is insufficient to establish jurisdiction if the transaction is not the result of purposeful solicitation of business in Massachusetts and if business with Massachusetts residents are an unusual event from the perspective of the defendant. Both of these conditions are present in this case. Defendants are located in New Mexico. The complaint alleges only that the University has conducted business with single specific Massachusetts resident (plaintiff himself) and that its online education program is available to Massachusetts residents who choose to enroll in it. The University does not advertise or solicit enrollment in Massachusetts. Whatever revenue it has earned from plaintiff and other Massachusetts-based students is likely minimal; at any rate, plaintiff has not provided any evidence that it is non-negligible. Thus, plaintiff has not met its burden, under subsection (d), of showing that defendants either engaged in "persistent course of conduct" related to business in Massachusetts or that it derived "substantial revenue" from enrolment of distance-learning students who reside in Massachusetts.

Thus, because neither of the applicable requirements of ch. 223A, § 3 have been satisfied, jurisdiction cannot be asserted over defendants under the long-arm statute.

### C.  Due Process

Because there are insufficient contacts between defendants and the forum state to justify finding personal jurisdiction under the Massachusetts long-arm statute, further constitutional inquiry is unnecessary.  However, because several courts in the First Circuit have analyzed personal jurisdiction in cases involving transactions over the internet as questions of due process, this Court will briefly explain why it would reach the same result under that rubric.

Due process requires that a defendant over whom a Massachusetts Court will exercise jurisdiction has maintained "minimum contacts" with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Because this case does not present allegations of continuous and systematic activity in Massachusetts that would provide a basis for general jurisdiction, the relevant inquiry is whether the due process requirements for specific jurisdiction are satisfied.

To assess specific jurisdiction, the court must ask (1) whether the claims are "related to" defendant's activities in Massachusetts; (2) whether the defendants have purposefully availed themselves of the laws of Massachusetts; and (3) whether the exercise of jurisdiction would be reasonable. *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 135 (1st Cir. 2006).  In cases involving interactions through a website that is operated from outside the forum state but that residents in that state can access, the focus of this analysis has been on the "purposeful availment" requirement. *See, e.g.*, *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 35-36 (1st Cir. 2010);

*Sportschannel New England Ltd. P'ship v. Fancaster, Inc.*, 2010 WL 3895177, *13-20 (D. Mass. Oct. 1, 2010); *BroadVoice, Inc. v. TP Innovations LLC*, 733 F. Supp. 2d 219, 224-27 (D. Mass. 2010)*; Back Bay Farm, LLC v.. Collucio*, 230 F. Supp. 2d 176, 185 n. 10 (D. Mass. 2002).

The issue of whether a university's enrollment of an out-of-state student in an online distance-learning program satisfies the purposeful availment requirement with respect to the state of the student's residence has been directly addressed by at least one court, albeit in another circuit. In *Kloth v. Southern Christian Univ.*, 320 F. App'x 113, 114 (3d Cir. 2008), the Third Circuit considered the jurisdiction of a district court in Delaware to hear a claim against a university in Alabama ("SCU") arising from the plaintiff's attempt to earn a degree through the school's online distance-learning program. In holding that the fact that the plaintiff had enrolled in the online program from Delaware was not sufficient to confer personal jurisdiction over the university, the court explained:

> There is no evidence that SCU targeted its Web site to potential students in Delaware, nor that the school engaged in business with anyone in Delaware other than Kloth and one other student . . . . [A]lthough SCU certainly could have foreseen that students from Delaware, or any other state, might choose to participate in their distance learning program because the Web site is accessible to a nationwide (indeed, global) audience, this foreseeability alone cannot satisfy the purposeful availment requirement. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) . . . .

*Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008). Although the court ostensibly rested its decision on a statutory basis, its reasoning relied on the same principles employed in the constitutional due-process analysis. *Id.* at 114-18 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *International Shoe*, 326 U.S. at 316; *Toys "R" Us, Inc. v. Step Two*, 318 F.3d 446 (3d Cir. 2003); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa.

1997)).[4] The court's conclusion, moreover, is consistent with its earlier decisions holding that, as a matter of due process, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454. *See also Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007) (holding that court lacked special jurisdiction over the University of Kansas based on its expulsion of a Pennsylvania resident from its internet-based education program, allegedly in retaliation for plaintiff's exercise of his freedom of expression under the First Amendment).

This Court finds the reasoning of the Third Circuit in *Kloth* persuasive. Plaintiff's enrollment in defendants' distance-learning program does not establish personal jurisdiction over the defendants in this action. This conclusion accords with the decisions of courts in this district that have addressed the application of principles of personal jurisdiction in cases where an in-state plaintiff has accessed a website that is operated from outside the Commonwealth and is not specially directed to users within the state. *See, e.g.*, *BroadVoice*, 733 F. Supp. 2d 219, 226 (D. Mass. 2010) (holding that the operation of a website did not establish personal jurisdiction where the website "was aimed at Massachusetts only in the sense that it could be accessed by Massachusetts residents," where its owner did nothing to direct its content to residents of Massachusetts as opposed to "the world at large," and where there was no evidence of any

---

[4] In any event, the Delaware long-arm statute, like that of Massachusetts "confers jurisdiction to the maximum extent possible under the due process clause." *Kloth*, 320 F. App'x at 115. Thus, the court's application of that statute is analogous to the task before this Court.

Massachusetts resident other than the defendant having accessed it); *Sportschannel*, 2010 WL 3895177, at *7 (holding that "a website with the features that are now common, including a registration page, simple trivia, ability to email the website operators, stream-line video, and 'fan' or 'share' a page or video, cannot be sufficient to enable the site's owners to be haled into court in any forum in which it's accessible").

In sum, the because defendants' distance-learning program is not directed at Massachusetts any more than it is at the world at large, plaintiff's participation in that program is not sufficient to meet the minimum requirements for the exercise of jurisdiction, either under the Massachusetts long-arm statute or the Due Process Clause.

### III. Conclusion

For all the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 3, 2012